IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM E. BUCKLEY, | ) | Cause No. CV 06-41-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| DR. EVANS; REBECA HALEN; CATHY | ) | |
| REDFERN; MYRON BEESON; | ) | |
| MICHAEL MAHONEY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On August 9, 2006, Plaintiff William Buckley filed this action under 42 U.S.C. § 1983, alleging violation of his Eighth Amendment right to adequate medical care.  Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

**I. Background**

On November 30, 2006, United States Magistrate Judge Carolyn S. Ostby ordered Plaintiff to file a document of no more than four pages responding to certain questions and setting forth a timeline of events in order to clarify the facts he was alleging.  *See* Order to Plaintiff to Clarify Allegations (doc. 7) at 3-4, ¶ III.  In response, on December 6, 2006, Plaintiff submitted a large stack

of exhibits.  He was given a second opportunity to respond to Judge Ostby's Order.  On January 30, 2007, he filed a five-page document.

The Court will read the original Complaint and Affidavit together with Plaintiff's "Clarification" to determine whether the pleading is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks only monetary relief from defendants who have immunity.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

## II. Plaintiff's Allegations

Plaintiff alleges that, in early August 2005, he was prescribed two medications, Glucophage and Glucotrol, to control his diabetes.  He told the prescribing physician, Dr. Evans, that he had experienced allergic reactions to those medications in the past, but she told him that was impossible and required him to take the medications anyway.  *See* Compl. (doc. 1) at 4, ¶ IV.A.1; Pl.'s Clarification (doc. 12) at 3, ¶ 10.

In an Affidavit in support of his Complaint, Buckley avers that the medications caused him to bleed in his stomach, *see* Pl.'s Aff. (doc. 1-2) at 1; his Clarification alleges that he experienced "eyesight problems, blood in urine, stomach[] aches and cramps," *see* Pl.'s Clarification at 3, ¶ 11.  When he sent a kite to Dr. Evans about this problem, she did not respond, *see* Pl.'s Aff. at 1, but other medical staff did, *see* Pl.'s Clarification at 3, ¶ 11.  His blood sugar levels rose, and at least once he administered his own shots, for which he was placed in disciplinary confinement.  *See* Pl.'s Aff. at 1.  Plaintiff does not admit his self-medication in his Clarification, though he refers to being disciplined for "non-compliance with medical therapy."  *See* Pl.'s Clarification at 3, ¶ 13; *id.* at 4, ¶ 17.  He also states that he got bad headaches, for which he received shots.  *See* Pl.'s Aff. at 1.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Plaintiff has continued to experience "blood in his urine, lasting damage to his kidneys and serious eyesight difficulties due to cataracts, yet is still not receiving any benefit[t]ing treatment."  Pl.'s Clarification at 4, ¶ 19.

Plaintiff claims that his eyesight, liver, pancreas, and stomach have been damaged as a result of Dr. Evans' prescriptions.  For his relief, he seeks compensatory and punitive damages as well as injunctive relief in the form of an Order prohibiting Montana State Prison from giving him anything other than insulin for his diabetes.  He also requests any other relief to which he may be entitled.  *See* Compl. at 5-6, ¶ VI.

**III. Analysis**

**A. Governing Eighth Amendment Law**

The Eighth Amendment requires that prisoners receive adequate medical care.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  Prisoners must also be protected from serious risks to their health.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993); *Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995).

To state a claim under the Eighth Amendment, a plaintiff must allege facts sufficient to support an inference (1) that he was confined under conditions posing a risk of objectively sufficiently serious harm, and (2) that the defendant had a sufficiently culpable state of mind in denying the proper medical care.  *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (quoting *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)) (internal quotation marks omitted).

The pertinent state of mind is "deliberate indifference." That standard is met only by allegations tending to show that the defendant "knows of and disregards an excessive risk to inmate health and safety." *Id*. (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal quotation marks omitted). Negligence – even gross negligence – does not support an Eighth Amendment claim. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Mere disagreement between a prisoner-patient and prison medical personnel over the need for or course of medical treatment is not sufficient to show deliberate indifference. Instead, the plaintiff "must show that the course of treatment the [medical providers] chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

### B. Pleading Standard

At the pleading stage, a plaintiff must set forth "allegations plausibly suggesting (not merely consistent with)" each element of the cause of action, so that the allegations do not "stay[] in neutral territory" but actually "show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1966 (2007) (brackets omitted). Though this threshold must be met, a complaint may proceed "even if it appears that a recovery is very remote and unlikely." *Id*. at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### C. Discussion

In addition to requiring a timeline, Judge Ostby asked Plaintiff two specific questions. The first was whether he alleged that he received no treatment at all for diabetes for 14 weeks, or whether

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

he meant that, despite receiving treatment, he began or continued to experience pain for at least 14 weeks after he met with Defendant Dr. Evans.  The second question was whether he alleged that no one responded to his reports of adverse consequences from the medications he was taking, or whether he alleged that Dr. Evans herself did not respond.  *See* Order to Plaintiff to Clarify Allegations at 3-4.  Plaintiff's Clarification shows that Plaintiff received both treatment and responses to his complaints at all times.  He simply did not receive the treatment or the responses he was hoping for.  *See* Pl.'s Clarification at 3, ¶ 11.

Consequently, the Court finds that Plaintiff has not alleged any facts that could support an inference that Dr. Evans knew of and disregarded an excessive risk to his health.  In fact, he alleges that she said it was "impossible" for him to have had an adverse reaction to the medications she prescribed.  Even if it were sufficient for Plaintiff to allege that he knows all the factors involved in treating his diabetes better than Dr. Evans does, he does not allege anything tending to show that she knew an adverse reaction was possible but did not care.  She does not violate the Constitution merely because she does not share his perception that his medical symptoms are caused by the medication rather than, for example, by his diabetes or some other medical condition or conditions.  There are many reasons that a particular course of treatment may not work as well as a patient hopes.

Had Dr. Evans failed altogether to provide treatment, or had Plaintiff made complaints about his symptoms without response from anyone, as his Complaint initially could be interpreted to say, then it might be reasonable to infer that one or more of the Defendants were deliberately indifferent to his serious medical need.  That, however, is not the case.  The Complaint, Affidavit, and Clarification, taken together, fail to state a claim on which relief may be granted because Plaintiff

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

does not allege any facts that could support a finding that Dr. Evans was deliberately indifferent to his medical condition. All he alleges is a difference of opinion. The action should be dismissed as to Dr. Evans for failure to state a claim on which relief may be granted.

All of Plaintiff's allegations against the other Defendants arise from their failure to respond to his grievances in a manner that he deemed acceptable. Inmates are not constitutionally entitled to a grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citing *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982), and *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). The grievance process is strictly an internal procedural mechanism for the handling of prisoner complaints. It does not involve substantive rights, nor does it mandate the outcome of grievances based on specified criteria. Thus, there is no basis for a § 1983 claim against Defendants Hulan, Redfern, Beeson, or Mahoney. *See, e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Azeez*, 568 F. Supp. at 10, *cited in Mann*, 855 F.2d at 640. The action should be dismissed as to them as well.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Plaintiff's Complaint (docs. 1-1, 1-2, 12) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Plaintiff's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Plaintiff must immediately inform the Court of any change in his mailing address.  Failure to do so may result in dismissal of this case without notice to him.

DATED this 9th day of July, 2007.


/s/ Keith Strong_____
Keith Strong
United States Magistrate Judge


FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7